But, as in the instance of holographic wills of lay persons, some liberality may be well accorded in the judicial construction of the clauses of a will made by a person situated as this testator was, at least, if the liberality is consistent with established rules of law. In this matter such liberality is consistent. I accordingly hold that the presumption that the testatrix intended to die testate is apparent in this cause. But, aside from any benign construction and for the reasons already stated, I hold also that the fourth clause of the will of Rose Morrisey is operative as a general residuary bequest, and that it carries the money in the Emigrant Savings Bank to the legatee named in such clause.

Let the decree be in conformity with this opinion.

Decreed accordingly.

---

(72 Misc. Rep. 592.)

### In re WILLIAMSBURGH TRUST CO.

(Surrogate's Court, Kings County. June, 1911.)

TRUSTS (§ 316*)—COMPENSATION OF TRUSTEE.
   Where a corporate trustee asked leave to resign in order to liquidate its affairs and retire from business, no commissions on the corpus of the trust fund should be allowed.

   [Ed. Note.—For other cases, see Trusts, Dec. Dig. § 316.*]

In the matter of the judicial settlement of the account of the Williamsburgh Trust Company, as substituted trustee under the will of Jeremiah Bergen, deceased. Decree rendered.

Dykeman, Oeland & Kuhn, for trustee.

Mayer Kronacher, for cestui que trust and life tenant

---

(72 Misc. Rep. 591.)

### In re SHADBOLT et al.

(Surrogate's Court, Kings County. June, 1911.)

LIFE ESTATES (§ 1*)—SALE—GROSS SUM IN LIEU OF VALUE OF LIFE ESTATE.
   General rules of practice No. 70, authorizing the payment of a gross sum in lieu of any annual interest or income for life, applies only to a life interest or income of any sum paid into court, and does not contemplate a fund in the hands of executors derived from the sale of land in which the widow under the will has a life estate.

   [Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 1, 4; Dec. Dig. § 1.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the settlement of the account of W. Oscar Shadbolt and Thomas Knight, trustees of the will of John Palmer, deceased. Decree rendered.

Earle & Russell, for trustees.
Hieronymus A. Herold, for life tenant.
Payne & Scudder, for John N. Palmer.
Henry F. Cochrane, for C. Mortimer Palmer.

KETCHAM, S. The will under which this accounting is made is in part as follows:

"Sixth. I hereby give to my wife, Mary A. Palmer, my house and farm situated at Woodbury, * * * to have and to hold the same as her own until her death."

The residue of the estate is devised in trust, and it is directed that upon the death of the wife the executors shall sell the farm at Woodbury, and shall take the proceeds, adding thereto a certain trust fund, and divide such fund equally among three sons named. The farm has been sold, upon conveyances joined in by all of the persons interested, for life or in remainder, and the executors include the proceeds in the present accounting.

The wife asks that there be paid to her a gross sum in lieu of her life estate in the proceeds of the sale, relying for such relief upon rule 70 of the general rules of practice. The provisions of this rule, for the payment of a gross sum in lieu of any annual interest or income for life, apply only to a "life interest or income of any sum paid into court." They do not in terms or spirit contemplate a fund in the hands of the executors derived from a sale of lands in which the widow, under the will of the decedent, has a life estate. Such fund is not "paid into court," and cannot escape the control of the will. It is of the essence of every testamentary provision creating a life estate, whether legal or equitable, that the life tenant or beneficiary is restricted to such payments as shall accord with the direction of the will. To commute the benefit by the payment of a sum in gross would violate the testator's purpose.

The proceeds of the farm should be delivered to the widow, upon her giving to the trustees the bond to which they are entitled under the law, conditioned for the safety of the fund at her decease. There is no occasion, and therefore no power, to construe the will with respect to the disposition of the farm in the event of the widow's death. Such determination is not essential to any decree which can be made now.

Decreed accordingly.